In The United States District Court
For The Southern District of Texas
Houston Division

Eddie Lewis Carter, Appellant
V.
Bryan Collier, Dir. Appellee

Case No. 14-21-00600-CR   464465 E

United States Courts
Southern District of Texas
FILED
JAN 31 2022
Nathan Ochsner, Clerk of Court

## NOTICE OF APPEAL

Notice of Appeal is given by Appellant named above and by cause numbers identified by the State from the Court of Criminal Appeals (Dismissed without written order for non-compliance of Writ Habeas Corpus instructions two-page limits under Tex. R. App. P. 73.1) whereby mistake Appellant placed "preliminary draft" copy of his Habeas 11.07 into the mail to Clerk-Court. Upon notice by the State, Appellant "corrected" mistake with "re-submission" of correct copy of Habeas application. The State's Attorney was not as forgiving to allow Habeas to be heard by a Judicial Panel on its merits, making "proposed findings of facts, conclusion of law" to the Court of Criminal Appeals requesting it dismiss, without a review of the merits and TDCJ Time Section Custodian violation of established laws/policies, and Constitutional guarantees creating this complaint, the Court (Dismissed) without review or making a written order.

Appellant "Appeal" shall show "two" and more substantial showings why it should be allowed to proceed/reviewed to due there are controverted, previously unsolved facts material to the legality of a violation in the laws/administrative policies governing Appellant's application for Writ of Habeas Corpus 11.07 deserving further judicial review. The State's Attorney has allowed the TDCJ Time Section Custodian to violate laws/policies that neither the 177th Dist Ct. of Harris County or the Ct. of Crim. Apps. resolved that TRAP. R. 73.1 does not completely deny an Habeas review upon the merits raised, or allow the State (TDCJ) a government agency to act as a "Converter" by willful interference with lawfully "earned" application of laws/policies compensations.

Appellant's 11.07 Habeas Corpus was/is NOT a <u>direct attack</u> on his conviction as the State's Atty. misrepresented to the Court of Criminal Appeals. This appeal request is to allow Jurist of Judicial Authority to review the deprivation and violations of mandated legislative, administrative requirements of prisoners' "earned good time credits" expectancy for good conduct/work performed.

Be It Known, the State Attorney made a (mistake) in its named label: <u>Mike Jr. Mendoza</u>, as me the Appellant, versus the State of Texas, Appellant has NEVER been, or referred to as, or represented himself as Mike Mendoza, Jr. The State failed to correct his error, or be <u>forgiving</u> to Appellant for his mistake under R. 73.1.

This is not an attack upon my conviction. This is a complaint where the 65th Leg. Acts 1/3 Law, and the 14th and 19th Constitutional Measures, with the Art. I of Texas Constition and TDCJ Time Section Custodian acting with arbitrarily and capriciously in not following the Laws/State (TDCJ) created policies, previously applied from 1986 up to Feb. 5, 2020, an act of "Fraudulent Conversion" needing Judicial and Appellate Review for an Order to TDCJ Classification Dept. (Time Section) to show cause WHY EARNED GOOD TIME CREDITS AWARDS STOPPED AT FEB. 5, 2020 UP TO MAR. 8, 2021 TO THE PRESENT, when there's been NO CHANGE in Legislative Law or TDCJ "Good Time Award" Policy governing the 65th Leg-Pre 70th Prisoners as Appellant.

Appellant, prays and ask from this Appellant Court to Grant his Appeal Request, and allow him to submit his Brief the Court shall find upon Review that under applicable (Laws/Policies) the credits are mandated; and TDCJ Time Section Custodian (1) errored when it stated "No errors or entitlement to Earned Time Credits. (2) Time Sec. violated Job Duties Requirements and failed to follow/or obey the Leg. Law and required policies.

Respectfully Submitted,

Eddie Lewis Carter
Tdcjid No. 443810

Signed to be mailed on: Jan. 24, 2022

E Carter 443810

